372 A.2d 746

In re ESTATE of Bert J. BODNAR, Jr., Deceased.

Appeal of John J. BODNAR, Administrator of the Estate of Bert J. Bodnar, Jr., Deceased.

Supreme Court of Pennsylvania.

Argued Sept. 23, 1976.

Decided April 28, 1977.

384

Janet N. Valentine, Robert S. Grigsby, Thomson, Rhodes & Grigsby, Pittsburgh, for appellant.

D. Michael Fisher, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This is an appeal [1] from the amended decree of the Orphans' Court of Allegheny County allowing appellee Concord-Liberty Savings and Loan Association's [2] claim in the amount of $15,300 against the estate of Bert J. Bodnar. Appellant John J. Bodnar, administrator of the estate,[3] argues that Concord's claim is barred by the terms of a release executed by Concord.[4] We agree and reverse the orphans' court decree.

Concord's claim arises from a construction loan agreement with decedent, for which decedent executed a bond and mortgage in the amount of $141,000. Reicher Building Company, Inc., contracted with decedent to construct the buildings in question for a price of $114,000. The loan agreement between Concord and decedent provided for periodic payments from Concord directly to Reicher, with Concord inspecting the progress of construction.

1. We hear this case pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(3), 17 P. S. § 211.202(3) (Supp.1976).

2. Concord is successor to the Hibernian Savings and Loan Association. For simplicity, the Savings and Loan Association is referred to as "Concord" throughout this opinion.

3. Letters of Administration were originally issued to Robert H. Sturm, but were later granted to appellant, decedent's cousin.

4. Appellant raises two other claims: (1) that the testimony used to establish Concord's claim was not admissible under the "Dead Man's Statute," Act of May 23, 1887, P.L. 158, § 5, 28 P.S. § 322 (1959) and (2) that Concord's claim is barred by the doctrine of equitable estoppel. In light of our disposition of this case, we need not reach these issues.

After decedent's death, Concord informed counsel for the estate that the total amount outstanding on the loan was $98,700. This figure was then listed as the mortgage amount in an inventory of the estate filed January 24, 1974. The property was sold on March 15, 1974, for $111,000. Concord received $98,700. The net proceeds from the sale after payment to Concord, taxes, and commissions was $1,922.

In June, 1974, Concord discovered that the actual amount paid to Reicher on the construction loan was $126,900, not $98,700. Concord then filed a claim against the estate for $28,200, the difference between the amount of the loan and the amount Concord received after the sale.

Concord also filed suit against Reicher for the $28,200. Concord's complaint against Reicher alleged that the contract between Reicher and decedent "was incomplete," and that Reicher had been unjustly enriched by $28,200, the difference between the amount Concord paid Reicher under the construction loan and the fair market value of the work done. In the alternative, Concord alleged that Reicher had been unjustly enriched by $12,900, the excess of the amount paid to Reicher by Concord over the contract price agreed to by Reicher and decedent. Under either allegation, Concord's claim is based on the theory that Reicher had been unjustly enriched by Concord because Concord paid Reicher more money under the construction loan agreement than was actually due Reicher on Reicher's contract with decedent.

Concord settled its suit against Reicher for $12,900 and executed a general release. The release, prepared by counsel for Concord, provides:

"FOR AND IN CONSIDERATION of the sum of TWELVE THOUSAND NINE HUNDRED ($12,900.-00) DOLLARS in hand paid by REICHER BUILDING COMPANY, INC., the receipt of which is hereby

acknowledged, we, being of lawful age, hereby fully and forever release, acquit and discharge Reicher Building Company, Inc. and any and all other person, firm, partnership and Corporations, which are or might be claimed to be liable to us, their heirs, administrators, executors, successors and assigns from any and all actions, causes of action, claims and demands of whatsoever kind or nature on account of any and all known claims, losses or damages by us sustained or received arising out of payments to Reicher Building Company, Inc. as a result of a construction loan agreement between us and Bert J. Bodnar . . . ."

Upon receipt of the $12,900 from Reicher, Concord reduced its claim against the estate to $15,300.

After a hearing on Concord's claim, the orphans' court denied the claim, basing its decision on the release and on the doctrine of equitable estoppel. Concord filed an exception, and the court en banc allowed the claim. We conclude that Concord's claim is barred by the release.

██ The effect of the release executed by Concord must be determined from its languge, given its ordinary meaning unless a different meaning was clearly intended. *Wengler v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *Evans v. Marks*, 421 Pa. 146, 218 A.2d 802 (1966). A release ordinarily covers only such matters as can fairly be said to have been within the contemplation of the parties when the release was given. *Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199 (1967); *Wengler v. Ziegler*, supra.

██ The release executed by Concord provides for the release of Reicher:

". . . and any and all other person . . . which might be claimed to be liable to us . . . on account of any and all known claims . . . arising out of payments to Reicher Building Company, Inc. as

a result of a construction loan agreement between us and Bert J. Bodnar . . . ."

By its terms, the release applies to "any and all known claims" Concord may have against any person arising from the construction loan to Bert J. Bodnar, the deceased. Concord's claim against Bodnar's estate comes within this language.[5]

There is no requirement that a release specifically name all of the parties to be released if the terms of the release clearly extend to them. In *Hasselrode v. Gnagey*, 404 Pa. 549, 172 A.2d 764 (1960), this Court interpreted a similar release, extending to "any and all persons," to release an individual not named in the release and who paid no consideration for the release.

Concord argues that its claim against the estate was not within the contemplation of the parties at the time the release was given. At the time the release was given, however, Concord had filed a claim against the estate for the same $28,200 claimed in its suit against Reicher. It was in Reicher's interest to obtain a release barring Concord's claim against the estate, in order to avoid the possibility that if the claim were allowed, the estate would seek to recover that amount in a suit against Reicher for breach of the construction contract.

Accordingly, the release given to Reicher, which by its terms releases any other party liable on account of the construction loan, bars Concord's claim against the estate.[6]

---

5. Concord argues that we should not consider the effect of release because it was not properly made part of the record. This claim is without merit. The release was read into the record without objection by Concord.

6. Relying on *Brown v. Pittsburgh*, 409 Pa. 357, 186 A.2d 399 (1962), and *Joseph Melnick Building and Loan Association v. Melnick*, 361 Pa. 328, 64 A.2d 773 (1949), Concord argues that a release given to one debtor cannot bar a creditor from obtaining

That portion of the decree dated October 29, 1975, allowing Concord's claim in the amount of $15,300 is reversed. Each party pay own costs.

JONES, former C. J., did not participate in the decision of this case.

NIX, J., did not participate in the consideration or decision of this case.

complete satisfaction on a debt. This reliance is misplaced. In both cases the release given to one party did not, by its terms, apply to an individual against whom the party giving the release subsequently brought suit.