## Stone v. Siegel

*Mr. & Mrs. Joseph Stone*, pro se.
*James J. McEldrew, James J. McCabe, Denise Bonn* and *Jerome E. Ornsteen*, for defendants.

FRANKSTON, January 28, 1981—On January 19, 1980 plaintiffs proceeding pro se, for a consideration of $50,000, executed a release naming all defendants except the John F. Kennedy Memorial Hospital. On September 17, 1980 defendant John F. Kennedy Memorial Hospital filed a motion for summary judgment contending that the release executed by plaintiffs was a general release which released it as well as all other defendants. Thereafter, the administrator on September 19, 1980 issued an order directing the parties to file briefs,

affidavits, and other documents in support of their respective positions. The issue before us is whether the release signed by plaintiffs relieves defendant John F. Kennedy Memorial Hospital from liability in this action.

This question requires the interpretation of the release given by plaintiffs in relinquishment of their claim for damages. The release in pertinent part reads as follows:

"FOR AND IN CONSIDERATION OF the payment to us of the sum of FIFTY THOUSAND ($50,000.00) DOLLARS, and other good and valuable consideration, we being of lawful age, have released and discharged, and by these presents do for ourselves, our heirs, executors, administrators and assigns, release, acquit and forever discharge BERNARD SIEGEL, M.D., JAY M. SIVITZ, M.D., FRANK SIVITZ, M.D. NIKI K. COLE, M.D., Individually and t/a SIEGEL, SIVITZ, SIVITZ & COLE, a Professional Corporation and their successors and assigns, heirs, executors and administrators of and from any and all actions, causes of action, claims or demands for damages, cost, loss of use, loss of services, expenses, compensation, consequential damage or any other thing whatsoever on account of, or in any way growing out of, any and all known and unknown personal injuries and death and property damage resulting or to result from an occurrence that happened on or about the 3rd day of June, 1977.

. . . We understand that this settlement is a compromise of the malpractice claim brought against the above named defendants and that the payment of this money is made with the understanding that no further suits of a civil nature will be lodged against any of the defendants herein named.

This release contains the ENTIRE AGREE-

MENT between the parties hereto, and the terms of this release are contractual and not a mere recital."

The complaint alleged that all defendants are jointly liable. The effect of the release on other tortfeasors is governed by the Uniform Contribution Among Tort-feasors Act, 42 Pa.C.S.A. §8326. This section provides:

"A release by the injured person of one joint tort-feasor, whether before or after judgment, *does not discharge the other tort-feasors unless the release so provides*, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid." (Emphasis supplied.)

The intent of the parties to a release must be gleaned from the language of the release, and this intention must be determined from the release's language, given its ordinary meaning, unless a different meaning was clearly intended: Hasselrode v. Gnagey, 404 Pa. 549, 172 A. 2d 764 (1961); Wenger v. Ziegler, 424 Pa. 268, 226 A. 2d 653 (1967); In re Estate of Bodnar, 472 Pa. 383, 372 A. 2d 746 (1977). We conclude that the language of the release given by plaintiffs to defendants Siegel, Sivitz, Sivitz, Cole, and the Siegel, Sivitz, Sivitz, and Cole Professional Corporation does not effect a discharge of plaintiffs' claims against the John F. Kennedy Memorial Hospital. Although there is no requirement that a release specifically name all of the parties to be released, it must be apparent that the terms of the agreement extend to them: In Re Estate of Bodner, id. at 388, 372 A. 2d at 748. Here the release neither mentions the John F. Kennedy

Memorial Hospital, nor employs language which would make it applicable to any other persons or corporations. Additionally, from the record it appears that negotiations for execution of a release were carried out solely between plaintiffs and James J. McEldrew, attorney for defendants Siegel, Sivitz, Sivitz and Cole and the Professional Corporation. There is no indication that attorney McEldrew in any way represented defendant hospital, or that he was authorized to speak for defendant hospital. We feel this fact further supports the clear language of the release and indicates that plaintiffs had no intention of negotiating a release of any parties other than those specifically named.

Defendant John F. Kennedy Memorial Hospital, in its memorandum of law filed on September 17, 1980 in support of its motion for summary judgment, contends that the release executed is not a joint tortfeasor release since it neither preserves plaintiffs' rights to proceed against other defendants, nor contains indemnity language concerning contribution to other joint tortfeasors. We cannot agree. We find no authority for the proposition that a release must explicitly reserve a right to proceed against other defendants and must contain indemnity language before it can be denominated a joint tortfeasor release. Rather, the act says only that another tortfeasor should not be released unless the release specifically so states: Hilbert v. Roth, 395 Pa. 270, 149 A. 2d 648 (1959). Here such specificity is lacking. As previously mentioned, the release does not name defendant John F. Kennedy Memorial Hospital and, further, contains no language which would make it applicable to unnamed persons or corporations.

Additionally, defendant John F. Kennedy Memo-

rial Hospital asserts that summary judgment is appropriate because there is no evidence that the consideration for the release is not sufficient satisfaction for plaintiffs' injury, and that plaintiffs therefore should be precluded from seeking additional compensation for the same injury. We reject this contention. There is equally no evidence that the consideration for the release was sufficient to satisfy plaintiffs' injury. Our holding does not mean that plaintiffs could potentially be overcompensated. To the contrary, our holding is consistent with the Uniform Contribution Among Tort-feasors Act and the understanding that a release may be the result of a compromise for less than the full value of plaintiffs' claim where more than one tortfeasor may be held responsible.

We find that the release signed by plaintiffs does not relieve defendant John F. Kennedy Memorial Hospital from liability in this action. Defendant hospital has not sustained its burden of showing that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law pursuant to Pa.R.C.P. 1035. Defendant hospital makes a vague assertion in its reply brief in support of motion for summary judgment filed on November 10, 1980, that plaintiffs did not meet the issue presented by the motion for summary judgment. However, we find the record sufficient to deny the motion for summary judgment.

Accordingly, we enter the following

## ORDER

And now, January 28, 1981, upon consideration of the motion for summary judgment filed by defendant John F. Kennedy Memorial Hospital on September 17, 1980, the responses thereto filed by

plaintiffs and the remainder of the record, it is hereby ordered and decreed that the motion for summary judgment is denied for the reasons set forth in the above opinion.