John Nagle and Yonish Trucking, Inc., Petitioners *v.* Pennsylvania Insurance Department et al., Respondents.

Argued April 5, 1983, before President Judge CRUMLISH, JR. and Judges ROGERS, BLATT, CRAIG and MACPHAIL.

*Leonard Schaeffer,* with him, *William H. Bishop and James D. Rosen, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioners.

*Hannah Leavitt,* Assistant Counsel, with her, *David T. Kluz,* Assistant Attorney General; *John H. Isom,* Assistant Attorney General; *Robert P. Kane,* Attorney General; and *William R. Balaban and Robert J. Demer, Balaban and Balaban; Joseph Manta, Frumkin & Manta, P.C.; Brian R. Steiner; Joseph R. Thompson; John E. O'Connor; Curtis P. Cheyney, III, Swartz, Campbell & Detweiler; Mark A. Welge; Edward German; Anthony Vale, and Roger T. Shoop,* for respondents.

OPINION BY JUDGE CRAIG, May 20, 1983:

The procedural history of this case is well summarized in *Pechner, Dorfman, etc. v. Insurance Department,* Pa. , 452 A.2d 230 (1982), and in *Nagle v. Insurance Department,* 46 Pa. Commonwealth Ct. 621, 406 A.2d 1229 (1979), our decision from which the appeal to the Supreme Court was taken.

Coal haulers, as petitioners, in 1977 brought these proceedings as original jurisdiction actions in this court against the Insurance Commissioner, the Coal Mine Compensation Rating Bureau of Pennsylvania, other Commonwealth agencies and a number of private insurance companies. The coal haulers sought equitable relief and also pleaded trespass claims against the Insurance Commissioner, who, after hav-

ing effected a reduction of premiums payable by the coal haulers for black lung disease insurance protection, refused their request for a full refund of all overpaid premiums dating back to 1973, allowing refunds only from February 7, 1977.

Our decision in *Nagle,* to the extent that we sustained preliminary objections by the respondents to the invoking of our equitable jurisdiction, was affirmed by the Supreme Court, as was our action in dismissing trespass claims against individual Commonwealth officials on the basis of official immunity.

However, the Pennsylvania Supreme Court reversed that aspect of our *Nagle* decision in which we sustained preliminary objections by the Commonwealth agencies based on their claim of sovereign immunity with respect to trespass counts by the coal haulers, who alleged that the state agencies had wrongfully and conspiratorially injured them by imposing the excessive premiums. The Supreme Court has remanded the case to this court for proceedings consistent with the Supreme Court's opinion.

Concerning the trespass claims, the Supreme Court disagreed with our view that the Act of September 28, 1978, P.L. 788, §2, formerly 42 Pa. C. S. §5110, retroactively restored sovereign immunity so as to bar causes of action which had accrued before that Act. The Supreme Court, following *Brungard v. Mansfield State College,* 491 Pa. 114, 419 A.2d 1171 (1980) and *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980) expressly stated that the 1978 immunity statute could not be constitutionally applied to actions which had accrued and were in existence before its enactment. Hence, it is clear that *Mayle v. Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978) governs this case so that the sovereign immunity which would have shielded the Commonwealth

agencies before *Mayle* is not available to the state government respondents here.

In its present posture, this case thus consists of the coal haulers' petition, with the trespass and class action averments which remain, confronted by respondents' preliminary objections raising (1) demurrers, to the effect that the trespass averments state no cause of action, (2) an attack upon the class action allegations as being unauthorized, (3) a technical objection to the verification of the original petition, and (4) an objection raising non-joinder of necessary parties.

We would now proceed to adjudicate those preliminary objections, but there has intervened the jurisdictional mandate of the Judicial Code, 42 Pa. C. S. §761-(a)(1), *as amended* by the Act of December 5, 1980, P.L. 1104. As thus amended, 42 Pa. C. S. §761(a)(1) pertinently provides:

> (a) General Rule.—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:
>
> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:
>
> . . . .
>
> (iii) actions on claims in which immunity has been waived pursuant to Chapter 85 (relating to matters affecting government units) or the act of May 20, 1937 (P.L. 728, No. 193), referred to as the Board of Claims Act; and
>
> (iv) actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity.

In view of this provision of the Judicial Code, particularly item (iv) above, we are required sua sponte to transfer the case for all original jurisdiction proceedings to the appropriate court of common

pleas, in this case, the Court of Common Pleas of Philadelphia County. Although the trespass claims here do not appear to fall within any of the eight matters as to which immunity has been waived under 42 Pa. C. S. §8522, this case is clearly an action in trespass "as to which the Commonwealth government formerly enjoyed sovereign . . . immunity," that is, until *Mayle* restated the law, so as to cause the case to be one to which immunity applied only "formerly."

The Judicial Code amendment of 1980 clearly underscores the point that the ousting of our jurisdiction, and the application of the residuary common pleas court jurisdiction, is applicable to all causes of action pending as of 1980. Section 6 of the Act of December 5, 1980, P.L. 1104, requires our prothonotary to transfer to the appropriate court of common pleas all records relating to "all pending matters jurisdiction of which is vested in another tribunal by reason of 42 Pa. C. S. §761(a)(1)(iv) as added . . . by this Act." Section 7 of the same Act stated that such amendment shall be retroactive to June 27, 1978, the original effective date of the Judicial Code; thus the amendment confirms that it is to be read as if it had been part of the Judicial Code at its inception.

Accordingly, pursuant to the Judicial Code provisions governing jurisdiction, this case must be transferred to the Court of Common Pleas of Philadelphia County.

### ORDER

Now, May 20, 1983, this case is hereby transferred to the Court of Common Pleas of Philadelphia County for all further proceedings, including disposition of remaining outstanding preliminary objections, class action proceedings if reached, and all other matters pertaining to original jurisdiction and trial if and when reached.