Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Labor Standards, Petitioner *v.* P. Mastrippolito and Sons, Inc., Respondents.

Argued December 13, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Mary Ellen Krober*, Deputy Attorney General, with her *Allen C. Warshaw*, Deputy Attorney General, Chief of Civil Litigation, and *LeRoy S. Zimmerman*, Attorney General, for petitioner.

*Eugene A. Steger, Jr., Steger & Howell, Ltd.*, for respondent.

Opinion by Judge Williams, Jr., July 8, 1983:

Before us are preliminary objections of the Commonwealth of Pennsylvania, Department of Labor and Industry, Bureau of Labor Standards (Commonwealth) to a counterclaim by P. Mastrippolito and Sons, Inc. (employer), to the Commonwealth's declaratory judgment action[1] against respondent, a mushroom grower, seeking a judicial declaration subjecting employer to the Seasonal Farm Labor Act (Act), 43 P.S. §§1301.101-1301.606.[2]

The chronology of events is as follows. In January and February 1979, employes of the Bureau of Labor Standards (Bureau) of the Department of Labor and Industry, one of the agencies charged with responsibility for enforcing the Act, visited employer's business premises to conduct a wage record audit. Approximately six months after permitting the Commonwealth employes to examine the payroll records, in August 1979, the employer brought a Section 1983 action (42 U.S.C. §1983) in the United States District Court for the Eastern District of Pennsylvania claiming that his facility was not subject to the Act, that the Bureau employes maliciously and willfully trespassed on his property and that, as a result, he was deprived of rights under the Fifth and Fourteenth Amendments to the United States Constitution.[3]

---

[1] As to the declaratory judgment action, Section 761(a)(2) of the Judicial Code, 42 Pa. C. S. §761(a)(2), vests this Court with original jurisdiction. *See also*, the Declaratory Judgements Act, 42 Pa. C. S. §§7531-7541.

[2] Act of June 23, 1978, P.L. 537, *as amended*, 43 P.S. §§1301.101-1301.606 establishes minimum wages and maximum hours of labor for seasonal farm workers. The Act additionally requires that employers maintain personnel and wage records, and provides for the inspection of seasonal farm labor camps by authorized Commonwealth employes.

[3] On the Commonwealth's Motion for Summary Judgment, the U.S. District Court entered judgment in favor of the Com-

In May 1980, the Commonwealth instituted a declaratory judgment action in this Court to determine whether the employer's establishment was subject to the provisions of the Seasonal Farm Labor Act; the Commonwealth moved for judgment on the pleadings.[4]

In late April 1982, the employer filed a counterclaim to the Commonwealth's Declaratory Judgement Petition alleging that agents of the Commonwealth, when they visited employer's business premises on three occasions in January and February, 1979, committed a trespass depriving employer of "equal protection and due process of law." The Commonwealth filed preliminary objections stating, *inter alia*, that this Court lacked subject-matter jurisdiction and that the counterclaim was time-barred by the applicable statute of limitations.

---

monwealth concluding "that plaintiffs' action is, at best, a state tort action." *P. Mastrippolito and Sons, Inc. and Bud Smith v. Rowe*, No. 79 Civ. 2894 (E.D. Pa. Mar. 4, 1981), slip op. at 5.

[4] The dispute concerned the statutory construction of the term "seasonal farm worker." Section 103 of the Act 43 P.S. §1301.103, defines "seasonal farm worker" in part as including "any person residing in living quarters owned, leased or operated by an employer or a farm labor contractor and occupied by four or more unrelated persons." The employer contended that he was not covered by the Act because he provided detached dwelling and mobile home units for his employes, and that no dwelling unit houses "four or more unrelated persons." Thus he was not an employer of seasonal farm workers and therefore not subject to the Act. The Commonwealth argued and this Court determined that the term "living quarters" encompassed the aggregate of all the dwelling units provided by the employer. The Commonwealth's motion for the judgment on the pleadings was denied, however, for the determination at trial of whether defendant's employes were permanent or temporary. *Department of Labor and Industry, Bureau of Labor Standards v. P. Mastrippolito and Sons, Inc.* (No. 1249 C.D. 1980, filed August 28, 1980).

The Commonwealth contends that Section 761(a)-(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), *as amended* by the Act of December 5, 1980, P.L. 1104, ousts our jurisdiction over employer's counterclaim in trespass. As amended, 42 Pa. C. S. §761(a)(1) pertinently provides:

(a) General Rule—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

....

(iv) actions or proceedings in trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity.

It is beyond dispute that this case is an action in trespass as to which the Commonwealth government would have enjoyed sovereign immunity prior to that doctrine's abrogation in *Mayle v. Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). Thus, the type of action *sub judice*, trespass, is one which, after *Mayle*, the Commonwealth government "formerly enjoyed sovereign ... immunity." *See, Nagle v. Pennsylvania Insurance Department*, 74 Pa. Commonwealth Ct. 400, 459 A.2d 925 (1983).

By reason of Section 761(a)(1)(iv) of the Judicial Code, we are constrained to transfer employer's counterclaim in trespass for all original jurisdiction proceedings to the Court of Common Pleas of Chester County. Pa. R.A.P. 751; 42 Pa. C. S. §8523.

ORDER

AND Now, this 8th day of July, 1983, employer's counterclaim in trespass is hereby transferred to the Court of Common Pleas of Chester County for all fur-

ther proceedings, including disposition of remaining outstanding preliminary objections and all other matters pertaining to original jurisdiction and trial if and when reached.