Commonwealth of Pennsylvania, Department of Transportation, Petitioner *v.* Jimmy V. Mayle, Respondent.

Argued March 3, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Brian H. Baxter,* Deputy Attorney General, for petitioner.

*William M. Panella,* for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., August 11, 1983:

The Lawrence County Common Pleas Court denied the Pennsylvania Department of Transportation's (Commonwealth) motion for judgment on the pleadings. Commonwealth appeals.[1] We reverse.

On December 2, 1975, Jimmy V. Mayle filed a complaint in tort in the United States District Court for

---

[1] Permission to appeal from an interlocutory order was granted by this Court. *See* Pa. R.A.P. 1311(b).

the Western District of Pennsylvania against several parties[2] for injuries sustained on a state highway (federal action). In 1976, the parties executed a release under which the suit was dismissed and Mayle was paid $3,000.00 by the defendants. Mayle had also filed a separate suit in the Commonwealth Court against the Commonwealth on December 17, 1975. The Commonwealth, by preliminary objection, raised the sovereign immunity defense. We sustained the objection but, on appeal, our Supreme Court abrogated sovereign immunity and remanded for further proceedings. *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). We then transferred this matter to common pleas court.[3]

The Commonwealth then moved for judgment on the pleadings based on the release executed in the federal action. The trial court denied the motion, concluding that Mayle had not intended to release the Commonwealth from liability. That interlocutory order was then certified for appeal.

The sole issue for review involves the interpretation of the release. The general form release provided, in part, that:

> For the sole consideration of ($3,000) Three Thousand Dollars . . . [Mayle] hereby releases

---

[2] The parties included Anderson Asphalt, Inc., the City of New Castle, Travers Construction Company, Western Pennsylvania Water Company, and, by subsequent amendment, The Bell Telephone Company of Pennsylvania.

[3] Pursuant to Section 761(a)(1)(iv) of the Judicial Code, 42 Pa. C. S. §761(a)(1)(iv), we transferred the matter to common pleas court for original jurisdiction proceedings. *See Nagle v. Pennsylvania Insurance Department*, 74 Pa. Commonwealth Ct. 400, 459 A.2d 925 (1983).

and forever discharges [the] City of New Castle, Western Pennsylvania Water Company, J. F. Travers, Inc., and The Bell Telephone Company of Pennsylvania and C. D. McDonald, Inc. . . . and all other persons, firms or corporations liable or who might be claimed to be liable from any and all claims, demands, damages, actions . . . or suits of any kind . . . on account of all injuries and damages . . . both to person and/or property, which have resulted . . . from [the accident.]

The following language was added at the bottom of the form:

As part of the consideration for the amounts paid to [Mayle], he agrees to settle and discontinue of record *all lawsuits pending with regard to the above described accident.* (Emphasis added.)

The Commonwealth argues that, since Mayle agreed to discontinue ''all lawsuits pending'' and since the Commonwealth Court action against DOT was *the only other pending case,*[4] this action should be dismissed.

Mayle, however, argues that the phrase ''settle and discontinue all lawsuits pending'' refers *only* to the five parties specifically named in the release and to ''all other persons, firms or corporations'' who might be responsible for the accident. Mayle contends that the Commonwealth is neither a person, firm or corporation, and thus the release does not apply to

---

[4] Mayle instituted suit against the Commonwealth on December 17, 1975. The release agreement in the federal action was executed on November 4, 1976, while the action in Commonwealth Court was pending.

that entity. Although the Commonwealth is neither a "firm" nor a "corporation," we need not decide, for the reasons expressed below, whether it is a "person" for purposes of the release.

A signed release is binding unless executed through fraud, duress, accident or mutual mistake. *Dickun v. United States*, 490 F. Supp. 136 (W.D. Pa. 1980) (applying Pennsylvania law). The effect of a release is determined from the ordinary meaning of its language, *Wolbach v. Fay*, 488 Pa. 239, 412 A.2d 487 (1980), unless a different meaning was *clearly* intended. *Estate of Bodner*, 472 Pa. 383, 372 A.2d 746 (1977). Moreover, a release need not specifically name all parties to be released if the terms of the agreement clearly extend to them. *Id.* This applies even if the entity paid no consideration for the release. *Id.*

Mayle expressly agreed to discontinue *all* lawsuits pending. There were only *two* suits pending (*i.e.*, the federal action and the suit in Commonwealth Court), thus the *wording of the release itself* clearly evinces Mayle's intent to discontinue *both* suits. Since Mayle has not alleged fraud, duress, accident or mutual mistake in the execution of the release, he is bound by its terms.[5]

Reversed.

### ORDER

The Lawrence County Common Pleas Court order, Civil Action—Law 146-1979, dated July 3, 1980, is hereby reversed.

---

[5] The agreement to dismiss all pending cases is clearly an independent undertaking and will be given its intended effect, to wit, a discontinuance of *all* pending cases. We are influenced by the fact that this part of the agreement was *added* to the general form release before said release was executed by Mayle.