670 A.2d 614

**REPUBLIC INSURANCE COMPANY**

v.

**The PAUL DAVIS SYSTEMS OF PITTSBURGH SOUTH, INC., Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 21, 1995.

Decided Nov. 28, 1995.

Reargument Denied Jan. 17, 1996.

Scott T. Redman, Pittsburgh, Allan C. Molotsky, Philadelphia, for Paul Davis Systems.

Frank R. Fleming, III, Pittsburgh, for Republic Insurance Company.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE and MONTEMURO, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal by allowance from an order of the Superior Court which vacated an order of the Court of Common Pleas of Allegheny County granting summary judgment in favor of the appellant, Paul Davis Systems of Pittsburgh South, Inc. (PDS). The appellee, Republic Insurance Company (Republic), as subrogee of the holder of one of its homeowner's policies, sought recovery from PDS for damages to the policyholder's residence. At issue is whether recovery is barred by a release executed by the insured. The factual background of the case is as follows.

On May 23, 1988 the insured's residence suffered storm damage. PDS was hired to repair the damage. PDS commenced by removing the roof, but allegedly failed to take

precautions to protect the remaining structure from rain. On June 8, 1988, a rainstorm occurred, causing further damage to the structure. Republic paid for substantially all of the damages. Later, the insured sued Republic alleging that there were additional unreimbursed losses. Republic settled the claim by making an additional payment of $5,000, and obtained a release.

■ Republic, as subrogee of the insured, commenced the present action alleging that the losses incurred during the June 8, 1988 rainstorm were attributable to the negligence of PDS. In defense, PDS interposed the release which Republic had obtained from the insured. PDS asserted that the release was a general one containing language broad enough to bar Republic's claim.[1] The trial court agreed and granted summary judgment in favor of PDS.

The Superior Court vacated the trial court's order on the basis that the release, notwithstanding the broad language which it employed, served only "to release those persons who might reasonably be considered to be within the ambit of responsibility under the asserted and released cause of action."[2] Inasmuch as the asserted and released cause of action was a contract claim against Republic, the release was deemed inapplicable to a tort claim against PDS. Because this interpretation improperly limits the effect of the release, we reverse.

■ As stated in *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 329–30, 561 A.2d 733, 735 (1989):

Parties with possible claims may settle their differences upon such terms as are suitable to them.... *They may agree for reasons of their own that they will not sue each other or any one for the event in question.* However

---

**1.** Republic, as subrogee, has no rights greater than its insured. *Insurance Co. of North America v. Carnahan,* 446 Pa. 48, 50, 284 A.2d 728, 729 (1971).

**2.** The Superior Court inferred this from its decisions in *Sparler v. Fireman's Insurance Co.,* 360 Pa.Super. 597, 521 A.2d 433 (1987), appeal denied, 518 Pa. 613, 540 A.2d 535 (1988) and *Farrell v. Lechmanik, Inc.,* 417 Pa.Super. 172, 611 A.2d 1322 (1992).

improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case.

(Emphasis added.) When the parties to a release agree not to sue each other or anyone else for a given event, it is well recognized that this can provide a discharge of others, such as PDS, who have not contributed consideration for the release. *Id.* at 328–30, 561 A.2d at 735–36. This is true notwithstanding the fact that the language of the release is general, releasing for example "any and all other persons," rather than specifically naming the persons released. *Id.* at 329, 561 A.2d at 735.

 The effect of a release is to be determined by the ordinary meaning of its language. *Id.* at 328–29, 561 A.2d at 735. See also *Estate of Bodnar,* 472 Pa. 383, 372 A.2d 746 (1977). The release in the present case was clear, unambiguous, and broad in scope. Captioned "General Release in Full and Final Settlement of Claim," it stated that the insureds:

release, acquit, discharge and indemnify Republic Insurance Company, their underwriters and *any and all other persons,* firms, partnerships and corporations (hereinafter Released Parties) which are and might be claimed to be liable to their heirs, administrators, executors, successors and assigns from *any and all actions,* cause of action, claims, joinders and demands *of whatsoever kind or nature* as a result of those losses which occurred on May 23, 1988 and June 8, 1988, including, but *not limited to,* all matters which have been raised or which could have been raised, in the action filed by Releasor(s) at No. 97 of 1989, in the Court of Common Pleas of Allegheny County, Pennsylvania, Civil Division–Arbitration.

(Emphasis added.)

Given the language releasing "all other persons" from "any and all actions" of "whatsoever kind or nature," and the specification that the release is "not limited to" matters that were or could have been raised in the contract claim against Republic, the decision of the Superior Court that the release

did not apply to tort claims against PDS was without basis. Indeed, it would be difficult to conceive of language more clear, pertinent, and all-inclusive. The trial court, applying the ordinary meaning of the release, properly concluded that it was an effective bar to Republic's action.[3] Accordingly, the order of the Superior Court must be reversed.

Order reversed.

CAPPY, J., concurs in the result.

MONTEMURO, J., participates by designation as a senior judge as provided by Rule of Judicial Administration 701(f).

---

**3.** We find no merit in Republic's argument that the insured did not have power to release claims in which Republic held an interest as subrogee. Republic, having prepared the release and directed the insured to sign it, will not now be heard to assert that the release was unauthorized.