## Gonzalez v. Allstate Insurance Co.

C.P. of Allegheny County, no. GD 93-4147.

*Eileen Anstandig Ziemke,* for plaintiff.
*Paul S. Mazeski,* for defendant.

FRIEDMAN, *J.,* June 20, 1996—Defendant has filed a motion for summary judgment based on the defense of release, asking that both Count I "breach of contract," and Count II, "wrongful denial of coverage—bad faith," be dismissed. The factual and procedural history is summarized below.[1]

---

1. Although the court file includes a brief in opposition to a motion to amend complaint, neither the docket nor the file includes such a motion or an amended complaint. The court therefore considered only counts set forth in the original complaint.

Plaintiff had an insurance policy with defendant which plaintiff contended provided coverage for property damage plaintiff suffered when a municipal water main broke. Defendant denied such an event was covered by the policy. On a prior motion for summary judgment filed by plaintiff, the Honorable Alan S. Penkower, also of this court, ruled in an order dated April 18, 1996 that the policy in question *did* cover the property damages claimed in Count I. The next day, April 19, 1996, defendant filed an amended new matter to plaintiff's complaint, after having been granted leave to do so by the Honorable Bernard J. McGowan, also of this court. The order of April 18, 1996, granting plaintiff partial summary judgment, was then amended on April 29, 1996 by Judge Penkower on defendant's motion and after argument, to include the following language:

"The entry of this order is without prejudice to defendant raising before the trial court those matters contained in defendant's amended new matter to plaintiff's complaint filed on April 29, 1996."

Next, after argument, defendant obtained leave from Judge McGowan on May 15, 1996 to file the instant motion for summary judgment.

The question for this court is whether the release, which plaintiff gave to the municipal tort-feasor, is a general release, and, if so, whether as a general release it applies by its terms only to plaintiff's breach of contract claim against defendant insurer, for insurance coverage, or whether it applies to plaintiff's statutory bad faith tort claim as well. In addition, defendant seems to regard Count II as sounding in contract even though it is based on the violation of a statute.

The release in question is found at exhibit 1 to the instant motion for summary judgment. As will be discussed below, it is clearly a general release discharging not only the municipal tort-feasor (which provided the consideration for the release) but "all other persons,

firms or corporations from all claims, demands, damages, actions, or causes of action, on account of damage to property, bodily injuries or death, resulting, or to result, from an accident to 609 9th St., Glassport, PA 15045 which occurred on or about the 9th day of November 1992, by reason of a water line break. [Period in original.] and of and for all claims or demands whatsoever in law or in equity, which I _____, my _____ heirs, executors, administrators, or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof." [Blanks were left empty in original.]

The question for this court is whether the conclusiveness of the intent of plaintiff to release the world from liability for "damage *to property,* bodily injuries or death, resulting, or to result, *from an accident to* 609 9th St., Glassport, PA 15045 which occurred on or about the 9th day of November 1992, by reason of a water main break" is also conclusive of an intent by plaintiff to release the world (including defendant) from liability for the statutory bad faith claim plaintiff has also brought.

The boilerplate language after the phrase "water main line break" literally says that plaintiff releases the world "of and for all claims or demands whatsoever in law or in equity, which I _____, my _____ heirs, executors, administrators, or assigns can, shall or may have by reason of any matter, cause or thing whatsoever prior to the date hereof." The boilerplate continues, "It is understood and agreed that this is a full and final release to all claims of every nature and kind whatsoever, and releases claims that are known and unknown, suspected and unsuspected."

The literal language of releases such as the instant one is now interpreted by the Pennsylvania Supreme

Court to release the world for plaintiff's *water damage* claim. *Republic Insurance Co. v. The Paul Davis Systems of Pittsburgh South,* 543 Pa. 186, 670 A.2d 614 (1995). However, the Pennsylvania Supreme Court has never suggested that this literal language of the release applies to *all* claims of any sort that plaintiff may have against *any* other person in the world. Therefore, *Republic* does not mandate that the release apply to Count II, the bad faith claim.

*Republic* reiterates the Supreme Court holding in *Buttermore v. Aliquippa Hospital,* 522 Pa. 325, 561 A.2d 733 (1989) and quotes the following passage therefrom:

"Parties with possible claims may settle their differences upon such terms as are suitable to them. . . . *They may agree for reasons of their own that they will not sue each other or anyone for the event in question.* However improvident their agreement may be or subsequently prove for either party, their agreement, absent fraud, accident or mutual mistake, is the law of their case." *Republic, supra* at 188-89, 670 A.2d at 615. (emphasis in original)

The "event in question" in the instant case is property damage from a broken water main. The "event" expressly covered by the release is *not* bad faith conduct of an insurer. In other words, the release covers Tort "A" and plaintiff's bad faith claim results from Tort "B." Therefore, the insurance bad faith claim cannot be said, as a matter of law, to arise out of the November 9, 1992 water main break. Rather, the bad faith claim, as previously stated, is a statutorily created tort, not a breach of contract, and arises out of defendant's failure to provide insurance coverage for damage caused by a third party's tortious conduct, thereby creating the wrong the bad faith legislation is directed at (forcing plaintiff to deal with the tort-feasor directly, an even-

tuality that insurance coverage is intended to eliminate). Plaintiff may have to bear the effect of the general release as to Count I, her breach of contract claim. However, as to Count II, the wrongful denial of coverage—bad faith claim, neither the *Republic* case nor the bad faith statute as interpreted to-date suggest that the kind of conduct *by insurers* that the legislature was addressing is automatically included in a general release such as the instant one.

The court therefore concludes that it is for the jury to decide whether the parties *to the release* intended that any insurance bad faith claim against defendant (who was *not* a party to the release) was to be covered by the release which essentially deals with water damage. The intent of the municipal tort-feasor and the plaintiff in negotiating, drafting and signing the release asserted by defendant as applying to Count II must be decided by a jury and cannot be decided now as a matter of law. Defendant's motion for summary judgment as to Count II must therefore be denied.

The defendant's motion as to Count I is granted based on the recently pled release only, Judge Penkower having previously ruled in plaintiff's favor that the property damage alleged in Count I was covered by the contract of insurance with defendant, so that defendant's failure to pay plaintiff was a breach of contract.

See order filed herewith.

## ORDER

And now, to-wit, June 20, 1996, defendant's motion for summary judgment is hereby granted in part and denied in part for the reasons set forth in the attached memorandum in support of order, and Count I only of the captioned complaint is dismissed, with prejudice.