## Cave's Estate

Before Stearne, Sinkler, Klein, and Bok, JJ.

*Thomas E. Comber, Jr.*, for petitioner.

*S. Lloyd Moore*, of *Moore, Gossling & Panfil*, for respondents.

KLEIN, J., May 7, 1936.—On March 6, 1936, an adjudication was filed in this case by Judge Lamorelle, in which the accountant was ordered to replace with cash certain fractional shares of mortgages included in the account.

In his adjudication, the learned auditing judge made the following statement:

"The question involved in the present case is so extremely important that the auditing judge feels that the

trustee should have an opportunity to offer any additional relevant testimony, and leave is given to it to apply within 30 days from the filing of this adjudication for leave to present such testimony, and at such rehearing counsel for the exceptants may also present additional relevant testimony."

No exceptions were taken to the adjudication by any of the parties in interest.

On April 3, 1936, a petition was filed by the accountant requesting a rehearing and praying for leave to present such testimony. An answer was filed to this petition asking for the dismissal of its prayer, on the ground that petitioner's failure to file exceptions to the adjudication within 15 days resulted in the absolute confirmation of the adjudication.

There is no merit to this position. By the same token, respondents' failure to file exceptions confirms absolutely the adjudication granting opportunity to the accountant to petition for rehearing.

The orphans' court, under the laws of this Commonwealth, is essentially a court of chancery, and can proceed, according to chancery practice, to make all such decrees, interlocutory or final, as may be necessary in the administration of its appropriate duties: Laverelle's Estate, 101 Pa. Superior Ct. 448 (1930).

Since the orphans' court is a court of equity, it administers the law with great informality, and rules of procedure which relate only to the usual methods of practice will not be allowed to become the means of working an injustice: McCaskey's Estate, 307 Pa. 172 (1932). Strict rules and technicalities of pleading are brushed aside and many cases involving complicated and important questions of fact and law are passed upon at the audits of fiduciaries' accounts without even the semblance of formal proceedings: Stewart's Estate, 72 Pitts. 161 (1924).

The Orphans' Court Act of June 7, 1917, P. L. 363, sec. 10, confers upon the several orphans' courts, "full power and authority to make, from time to time, such

rules for regulating the practice thereof, respectively, and for expediting the determination of suits, causes, and proceedings therein, as in their discretion they shall judge necessary or proper for the exercise of the powers hereby conferred, or which may hereafter be conferred". The only limitation on this power is "That such rules shall not be inconsistent with the Constitution and laws of this Commonwealth."

This power to promulgate rules of practice has been held to be so inherent in the court that in Lancaster County the orphans' court promulgated a new rule from the bench during the trial of a case to meet a particular situation and it was held to be no less effective than one which had been previously adopted and printed: Landis' Estate, 38 Lanc. L. R. 382 (1923).

The effect of the learned auditing judge's action in the present case was to agree to grant the accountant a review, if within 30 days a petition was filed praying for leave to present additional testimony. This was clearly within the power of the auditing judge and a matter for his discretion.

Even had this provision been omitted from the adjudication, it is clear that the court would have had the inherent power to grant a review where justice and equity required it: Troutman's Estate, 270 Pa. 310 (1921). And this is especially so, where no rights have changed in consequence of the adjudication: Chappell's Estate, 264 Pa. 486 (1919). See also Bender's Estate, 278 Pa. 199 (1923); Bailey's Estate, 291 Pa. 421 (1927).

Procedure in this case might have been facilitated had the auditing judge withheld filing his adjudication for such time as he deemed advisable, in order to have afforded the accountant additional time to present testimony. However, as chancellor, he is the pilot and has the right to chart the course which is to be followed in the proceedings.

We are, therefore, of the opinion that the prayer of the petition should be granted, and it is ordered and decreed

that this case be referred back to Lamorelle, P. J., the auditing judge, for a rehearing in accordance with the adjudication.