JOHNSON, Judge:
In this appeal, we are asked to determine whether a general release which discharges all known and unknown claims arising as a result of an automobile accident may bar a medical malpractice action for negligent treatment of injuries sustained in the accident when the medical treatment occurred nine months after the release was executed. In light of the conditions and circumstances surrounding its execution, we hold that the release cannot be construed so as to bar this medical malpractice action because the parties could not have contemplated the future negligent treatment when the release was executed, and the medical malpractice claim had not accrued at the date of the execution of the release. Accordingly, we reverse the order granting summary judgment and remand the matter for further proceedings.
On August 12, 1983, Beth Vaughn, while a passenger in a vehicle driven by Tonyia Woods, was involved in an automobile accident when Woods lost control of the vehicle and the car rolled over. As a result of the accident, Vaughn sustained *438 various injuries, including a fractured pelvis, fractured ribs, a fractured shoulder and a concussion.
On November 22, 1983, Vaughn, in exchange for $33,000, executed the release in question which, in pertinent part, provides:
... the undersigned hereby releases and forever discharges Donald Woods and Tonyia Woods and all other persons, firms and corporations from all claims and demands, rights and causes of action of any kind the undersigned now has or hereafter may have on account of or in any way growing out of personal injuries known or unknown to me/us at the present time ... resulting or to result from an occurrence which happened on or about August 12, 1983____
Approximately seven months later, Vaughn first sought treatment from Dr. Didizian, an orthopedic surgeon, for spinal injuries she received in the accident of August 12, 1983. On August 1, 1984, Didizian performed surgery upon Vaughn. Subsequently, Vaughn commenced this medical malpractice action against Didizian, alleging that the doctor, was negligent in performing the surgery.
On February 14, 1992, Didizian filed a motion for summary judgment. That motion was denied without prejudice. Didizian was granted leave to amend his answer to add the affirmative defense of release. Didizian later amended his answer to allege that Vaughn was barred from bringing this medical malpractice action by the release she executed on November 22, 1983. Didizian then filed a second motion for summary judgment which the trial court granted. Vaughn now appeals.
On appeal, Vaughn contends that the trial court erred in granting Didizian’s motion for summary judgment because (1) the parties to the release did not intend to bar Vaughn’s action for Didizian’s future negligence and, (2) such interpretation of the release is contrary to the public policy of the Commonwealth of Pennsylvania.
Preliminarily, we note that when reviewing a trial court order granting summary judgment, “we will not reverse the trial court’s order unless there has been an error of law or a *439 manifest abuse of discretion.” Denlinger, Inc. v. Dendler, 415 Pa.Super. 164, 170, 608 A.2d 1061, 1064 (1992).
First, Vaughn argues that the trial court erred in granting summary judgment because the parties to the release did not intend to bar a malpractice claim for medical treatment that occurred after the release was executed. “The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering ‘only such matters as can fairly be said to have been within the contemplation of the parties when the release was given.’ ” Dublin by Dublin v. Shuster, 410 Pa.Super. 1, 6-7, 598 A.2d 1296, 1298-99 (1991) (emphasis added), appeal denied, 533 Pa. 600, 617 A.2d 1274 (1992), quoting Estate of Bodnar, 472 Pa. 383, 386, 372 A.2d 746, 748 (1977). Moreover, releases are strictly construed so as not to bar the enforcement of a claim which had not accrued at the date of the execution of the release. Restifo v. McDonald, 426 Pa. 5, 230 A.2d 199 (1967); Henry Shenk Co. v. City of Erie, 352 Pa. 481, 43 A.2d 99 (1945); Zurich General Acc. & Liab. Ins. Co. v. Klein, 181 Pa.Super. 48, 121 A.2d 893 (1956).
In this case, the trial court utilized the first component of construing the effect of the release, i.e., examining the ordinary meaning of its language, and concluded that Didizian is covered by the release. However, in limiting its review to the language of the release, the court failed to consider the second component, i.e., a release covers only those matters within the parties’ contemplation. In construing this general release, a court cannot merely read the instrument. Instead, it is crucial that a court interpret a release so as to discharge only those rights intended to be relinquished. The intent of the parties must be sought from a reading of the entire instrument, as well as from the surrounding conditions and circumstances. Thus, the trial court erred in failing to construe the language of this general release in light of the conditions and circumstances surrounding its execution.
*440 In Henry Shenk, supra, the supreme court determined the effect of a release by analyzing the conditions surrounding its execution to ascertain the parties’ intent. There, the plaintiff owned property on East Twelfth Street in Millcreek Township, later incorporated into the City of Erie. The property owners along the street waived the right to claim damages sustained by their properties resulting from street improvement to enable the township to widen the roadway. Approximately thirty years later, after East Twelfth Street had been incorporated into the City of Erie, the city implemented plans for additional improvements to be made, specifically, the construction of drainage facilities. Plaintiff sought damages when the installation of the drainage facilities caused harm to its property. The City of Erie maintained that the plaintiff had waived its right to claim damages with respect to the improvement of East Twelfth Street. However, the supreme court first noted the cardinal rule of construction requiring that releases be strictly construed so as to not bar the enforcement of claims not yet accrued at the date of execution. The court then reasoned that it would be illogical to conclude that the plaintiffs waiver of damages incident to the widening and improvement of East Twelfth Street was intended to constitute a waiver of damages resulting from a different improvement almost thirty years later.
Guided by the same reasoning, it would be equally absurd in this case to conclude that the parties intended to waive damages resulting from Didizian’s alleged negligence when the release was executed approximately seven months before Vaughn first sought treatment from Didizian. When we examine the conditions and circumstances surrounding the execution of the release in this case, we find that Vaughn’s malpractice claim for the allegedly negligent surgery performed on August 1, 1984, had not yet accrued at the date of the execution of the release, November 22, 1983. Nothing in the circumstances of this case suggests that the parties to the release were anticipating Didizian’s negligent surgery. Because Didizian’s future negligent treatment was not within the contemplation of the parties, and the malpractice claim had *441 not yet accrued at the date of the execution of the release, the release does not encompass this medical malpractice action and cannot be construed so as to bar the enforcement of Vaughn’s medical malpractice claim.
Furthermore, Didizian cites no authority in which a Pennsylvania court has held that a general release discharged claims that had not yet accrued at the date of the execution of the release. In addition, our research has failed to uncover such a case. In the case cited by our distinguished colleague in dissent, Buttermore v. Aliquippa Hospital, 522 Pa. 325, 561 A.2d 733 (1989), and in each case cited by Didizian, Dublin by Dublin v. Shuster, 410 Pa.Super. 1, 598 A.2d 1296 (1991), appeal denied, 533 Pa. 600, 617 A.2d 1274 (1992); Smith v. Thomas Jefferson University Hospital, 424 Pa.Super. 41, 621 A.2d 1030 (1993), appeal denied, 535 Pa. 638, 631 A.2d 1009 (1993); Holmes v. Lankenau Hospital, 426 Pa.Super. 452, 627 A.2d 763 (1993); and Flatley by Flatley v. Penman, 429 Pa.Super. 517, 632 A.2d 1342 (1993), appeal denied, 537 Pa. 620, 641 A.2d 586 (1994), the cause of action accrued prior to the execution of the release. In this case, the cause of action accrued after the release was executed. Thus, reliance on these cases is misplaced.
Since we hold that the release in question does not bar Vaughn’s medical malpractice claim, we conclude that the trial court erred in granting Didizian’s motion for summary judgment. In light of this conclusion, we need not address Vaughn’s remaining issue.
Accordingly, we reverse the trial court’s order which granted summary judgment in favor of Didizian. We remand this case for further proceedings consistent with this Opinion.
Order reversed. Case remanded. Jurisdiction relinquished.
HOFFMAN, J., files a dissenting opinion.