David YOUNGREN, Margarida Youngren, Plaintiffs,

v.

PRESQUE ISLE ORTHOPEDIC GROUP, INC., Daniel C. Carneval, D.O., Defendants.

Civ. A. No. 93–288E.

United States District Court, W.D. Pennsylvania.

Feb. 16, 1995.

Mary Speedy Hajdu, Burgett & Robbins, Jamestown, NY.

John M. McLaughlin, Knox, McLaughlin, Gornall & Sennett, Erie, PA.

### OPINION

COHILL, District Judge.

Before this Court is a Motion for Summary Judgment, accompanied by a brief, filed by defendants Daniel C. Carneval, D.O., and Presque Isle Orthopedic Group, Inc. (Presque Isle), and plaintiffs' brief in opposition. For the reasons set forth below, we will deny this motion.

### I. *Background*

Plaintiffs Margarida and David Youngren have brought this action against Dr. Carneval and Presque Isle for medical malpractice. Ms. Youngren sustained injuries in an automobile accident on November 14, 1988, when the vehicle she was driving was rear-ended by a car driven by Keith T. Osborne. Ms. Youngren consulted Dr. Carneval for treatment of pain in her lower back and extremities. Following consultation and examination, Dr. Carneval performed low lumbar surgery on July 17, 1989.

Plaintiffs filed a claim against State Farm Mutual Automobile Insurance Company, the insurance carrier for Mr. Osborne, the driver of the other car. On August 30, 1990, the Youngrens accepted a settlement in the amount of $50,000 from State Farm, an amount equal to the limit of Mr. Osborne's liability coverage. Both signed a general release form releasing Keith T. Osborne and "all other persons" from all liability related to the accident. The release read, in pertinent part:

> [T]he undersigned hereby releases and forever discharges Keith T. Osborne his heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable ... from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 14 day of November, 1988 at or near 4000 block of Peach St., Erie, PA. THE UNDERSIGNED EXPRESSLY RESERVE THE RIGHT TO PURSUE CLAIMS FOR UNINSURED AND/OR UNDERINSURED MOTORISTS' BENEFITS.

> Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of

making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Defs.' Br. Exhibit A–1. (Capitalized words were typewritten and inserted into the form release.)

In October of 1992, Ms. Youngren was involved in a second automobile accident, and sought medical treatment from James J. White, M.D., an orthopedic surgeon. Her complaint alleges that it was not until this consultation that she discovered that the surgery performed by Dr. Carneval, in relation to her first accident, had been performed on the left side of her spine. The crux of plaintiffs' malpractice claim is that this surgery should have been performed on the right side of the spine, but was negligently performed on the left side. Ms. Youngren alleges that she thus endured a useless and unnecessary surgical procedure, and that as a result of defendants' negligence she has, for several years, continued to experience pain and must now undergo a second surgical procedure.

## II. *Discussion*

We note at the outset that both parties requested oral argument on this motion. After reviewing the outstanding briefs submitted by both sides we felt that we could resolve the issue without hearing argument.

■ This Court has diversity jurisdiction pursuant to 28 United States Code Section 1332. A federal court sitting in diversity must apply the substantive law of the state's highest court. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The parties agree that Pennsylvania law governs this case.

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed.R.Civ.P. 56(c); *Boyle v. Governor's Veterans Outreach and Assist. Ctr*, 925 F.2d 71, 75 (3d Cir.1991). The facts must be considered in the light most favorable to the non-moving party. *Bechtel v. Robinson*, 886 F.2d 644, 647 (3d Cir.1989).

We have resolved this issue in favor of the plaintiffs and against the defendants and will therefore deny the Motion for Summary Judgment.

We believe that there are two separate theories which require that we deny the motion, and either, by itself, will suffice:

(A) The plaintiffs have alleged an injury to Ms. Youngren which was separate and apart from the original injury and therefore is not covered by the language of the release;

(B) The cause of action did not accrue until after the release was executed.

### A. *The plaintiffs have alleged a separate injury*

Defendants' motion for summary judgment argues that under Pennsylvania law a general release bars the Youngrens from asserting any claims, including this malpractice action against Dr. Carneval and Presque Isle, relating to the accident of November 14, 1988. Defendants contend that this case is controlled by the Pennsylvania Supreme Court decision in *Buttermore v. Aliquippa Hospital*, 522 Pa. 325, 561 A.2d 733 (1989), which held that an automobile accident victim who had signed a general release with the defendant driver's insurance company releasing all other persons from claims arising from the accident was barred from asserting a subsequent claim for negligence against the treating hospital and physicians. *Buttermore*, 561 A.2d at 735.

In that case, plaintiff James Buttermore suffered injuries in an automobile accident and was treated at Aliquippa Hospital, Aliquippa, Pennsylvania. *Buttermore*, 561 A.2d at 734. It was later determined that he had fractured his neck. Buttermore signed a general release with the driver's insurance company and received $25,000. *Id.* This release first named the driver of the vehicle, and then released, in pertinent part:

... any and all other persons, associations and/or corporations, whether known or unknown, suspected or unsuspected, past, present and future claims, demands, damages, actions, third party actions, causes of action, or suits at law or in equity, indemnity of whatever nature, for or because of any matter or thing done, omitted or suffered to be done, on account of or arising from damage to property, bodily injury or death resulting to or to result from [the accident].

Two weeks after signing this release, Buttermore and his wife filed suit against the hospital and treating physicians, alleging that negligent treatment had aggravated injuries sustained in the accident and caused permanent spinal nerve damage. *Id.* at 734–35. The defendants raised the release as an affirmative defense. The Pennsylvania Supreme Court affirmed the trial court's grant of summary judgment for the defendants because the plain language of the release barred the claim. "This Court has stated that the effect of a release must be determined from the ordinary meaning of its language." *Buttermore*, 561 A.2d at 735, *citing Estate of Bodnar*, 472 Pa. 383, 372 A.2d 746 (1977). "Parties with possible claims may settle their differences upon such terms as are suitable to them." *Buttermore*, 561 A.2d at 735. Absent allegations of fraud, accident or mutual mistake, the language of the release will be upheld. *Id.*

However, *Buttermore* does not, in our opinion, require us to grant summary judgment to these defendants. Buttermore's claim was that the defendant's negligence further aggravated the injuries sustained in the accident; thus, his claim was barred by the language of the release that plainly prevented any claims resulting from said accident. Conversely, the Youngrens' malpractice claim arises not from the accident covered by the language of the release but rather from a separate injury: the injury caused when Dr. Carneval allegedly performed surgery on the wrong side of Margarida Youngren's spine.

This theory of the defendants can be reduced to absurdity—*reductio ad absurdum.* Assume that Mrs. Youngren was on the way to the hospital for further treatment of her injury after the release was signed. Suppose a truck hit the car in which she was riding, aggravating her spinal injury; or assume that she reached the hospital safely but was then dropped from a stretcher by a hospital attendant. We seriously doubt that either the truck driver or the hospital attendant could successfully raise the release as a defense.

### B. The cause of action did not accrue until after the release was executed

"The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering 'only such matters as can fairly be said to have been within the contemplation of the parties when the release was given.'" *Dublin by Dublin v. Shuster*, 410 Pa.Super. 1, 598 A.2d 1296, 1298–99 (1991) (quoting *Estate of Bodnar*, 472 Pa. 383, 372 A.2d 746, 748 (Pa. 1977)), *appeal denied*, 533 Pa. 600, 617 A.2d 1274 (1992). Furthermore, under Pennsylvania law it is well settled that "releases are strictly construed so as not to bar the enforcement of a claim which had not accrued at the date of the execution of the release." *Vaughn v. Didizian*, 436 Pa.Super. 436, 648 A.2d 38, 40 (1994), *citing Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199 (1967); *Henry Shenk Co. v. City of Erie*, 352 Pa. 481, 43 A.2d 99 (1945).

We agree with the reasoning of the *Vaughn* court, which held that plaintiff was entitled to maintain a cause of action for medical malpractice despite the fact that she had executed a general release form with the driver's insurance carrier. In *Vaughn*, the court examined the "conditions and circumstances surrounding the execution of the release," and found that the release did not bar plaintiff's claim because the cause of action had not accrued when the release was signed. *Vaughn*, 648 A.2d at 41. Defendants here argue that the reason Vaughn's claim had not accrued was because she did not seek treatment for her injuries until after she had signed the release. While it is true that Vaughn did not have surgery until after the release was signed, the holding of that case did not rest on that fact. The court held

more broadly that because "the malpractice claim had not yet accrued at the date of the execution of the release, the release does not encompass this medical malpractice action and cannot be construed so as to bar the enforcement of Vaughn's medical malpractice claim." *Vaughn*, 648 A.2d at 41.

■ Similarly, Ms. Youngren's malpractice claim had not accrued when she signed the form release, even though she had already been treated by Dr. Carneval. Under Pennsylvania law, a cause of action for medical malpractice is subject to a two-year statute of limitations. 42 Pa.C.S.A. § 5524. As a general rule, a cause of action accrues at the time of injury. *Baumgart v. Keene Bldg. Products Corp.*, 430 Pa.Super. 162, 633 A.2d 1189 (1993). However, under the discovery rule, the statute of limitations is tolled and the cause of action does not accrue until plaintiff knows or reasonably should have known that she has been injured and that the injury has been caused by another party. *A. McD. v. Rosen*, 423 Pa.Super. 304, 621 A.2d 128 (Pa.Super.1993). The discovery rule requires that the plaintiff know of the injury, its cause, and the causal relationship between the injury and the conduct. *Holmes v. Lado*, 412 Pa.Super. 218, 602 A.2d 1389 (1992), *appeal denied*, 530 Pa. 660, 609 A.2d 168 (1992). The point at which plaintiff should have been reasonably aware that he has suffered an injury is generally an issue of fact to be determined by the jury. *Hayward v. Medical Center of Beaver County*, 530 Pa. 320, 608 A.2d 1040 (1992). Only where the facts are not in dispute may the court grant summary judgment as a matter of law. *Id.*

Applying the discovery rule to the instant case, we find that the injury that is the subject of this complaint occurred on July 17, 1989, when Dr. Carneval performed surgery on Ms. Youngren's lower back. However, the discovery rule applies because the plaintiff alleges that she neither knew nor had reason to know that this surgery had been performed on the left side of her spine. She avers that it was not until she sought treatment in October of 1992, following an unrelated accident, that she learned of this fact through medical examination.

Thus, a jury could find that her cause of action for medical malpractice did not accrue until October of 1992. Therefore, the general release form signed on August 30, 1990 would not bar the present claim for medical malpractice. Ms. Youngren filed the present lawsuit for medical malpractice on August 10, 1993, well within the two-year statute of limitations for such claims.

### III. *Conclusion*

Accordingly, we find that because plaintiffs' cause of action arises out of a separate tort, or, alternatively, had not accrued when the release was executed, the broad language of that release does not bar this subsequent claim for medical malpractice. Defendants' motion for summary judgment will be denied.

### *ORDER*

AND NOW, to-wit, this 16th day of February, 1995, having reviewed the Motion for Summary Judgment filed by defendants Daniel C. Carneval, O.D. and Presque Isle Orthopedic Group, Inc. (Doc. 27) and the plaintiffs' response thereto, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Defendants' motion for oral argument (Doc. 57) be and hereby is DENIED;

2. The motion of the defendants for Summary Judgment be and hereby is DENIED.