## Greenwell v. Maiorana

C.P. of Lycoming County, No. 13-01,737

*Joseph F. Orso, III*, for plaintiff.
*Brian J. Bluth*, for defendant.
*Robert A. Seiferth*, for additional defendant.

GRAY, *J.*, June 24, 2014—

## OPINION AND ORDER

Before the court is plaintiff's motion for summary judgment based upon the terms of a joint-tortfeasor release. After review of the argument, pleadings, motion, response and briefs, the court finds that summary judgment is not warranted. This matter is a personal injury claim arising from a fall in the parking lot of Joe's Pizza. At issue is whether the release executed between the plaintiff and the additional defendant, Maria Maiorana, releases the original defendant from all liability. The court concludes

that it does not. Accordingly, the court enters the following opinion and order.

## Procedural and Factual Background

On July 10, 2013 plaintiff filed a complaint against Croce Maiorana t/d/b/a Joe's Pizza located at 967 West Third Street, Williamsport ("Joe's Pizza"). Croce Maiorana filed preliminary objections on August 12, 2013 which were granted on August 20, 2013. Plaintiff filed an amended complaint on August 23, 2013. In that complaint, plaintiff alleged that on or about December 5, 2012, plaintiff, a business patron, fell in a storm drain in the parking lot of Joe's Pizza while walking from her vehicle to enter Joe's Pizza. As a result of the fall, plaintiff sustained injuries including a broken humerous that required surgery to replace her shoulder.

Plaintiff seeks medical expenses, loss of earnings, impairment of earning capacity, future loss of income and earning capacity, future medical expenses, and damages for pain and suffering. Plaintiff alleged that the storm drain falls below grade level, was unlit and not visible in the dark. Plaintiff further alleged that the original defendant failed to properly and promptly correct or warn of the condition and failed to properly light the parking lot.

On June 3, 2013, plaintiff, Salvatore (now deceased) and Marie Maiorana executed a settlement and joint tortfeasor release (Release). That Release is set forth in relevant part below.

## SETTLEMENT AND JOINT TORTFEASOR RELEASE

The parties to this Joint Tortfeasor Release, with the intent of being legally bound, agree as follows:

1. Renee Greenwell, by her lawful power of attorney,

56

and for herself, her heirs, executors, insurers, assigns, and all others taking by or through their interests (hereinafter "releasors") in consideration of the promises, payments and other obligations as herein provided, including payment of Twenty Two Thousand Five Hundred ($22,500) Dollars exactly, receipt of which is acknowledged, *does hereby remise, release and forever discharge Salvatore and Marie Maiorana, husband and wife, their heirs, and their insurers*, including Tuscarora Wayne Insurance Company, (hereinafter "releasees"), *from any and all actions and causes of action*, suits, debts, dues, accounts, bonds, covenants, contracts, agreements, judgments, claims and demands whatsoever, in law or in equity, especially for all claims and causes of action arising out of all known and unknown injuries, losses and damages allegedly sustained by releasors *and from any claims or joinder for sole liability, contribution, indemnification or otherwise as a result of, or in any way connected with the incident that occurred on December 06, 2012, at or near 963 West Third Street, Williamsport PA 17701, Lycoming County, Pennsylvania.*

2. This Joint Tortfeasor Release is intended to release all claims of any nature, including claims for compensatory and punitive damages that releasors have or may have, whether known or unknown, discovered or discoverable, against the releasees.

3. It is understood and agreed that *the releasors are not releasing any claims that they may have against others*, but for the consideration herein recited, the releasors further *agree that any recovery that releasors obtain against others shall be reduced to the extent of the judicially determined pro rata or percentage share of liability of the releasees*. Should the jury return a

verdict, or should there be any other such determination that releasees are not liable to any degree for releasors' injuries, then the amount claimed by releasors against any other alleged joint tortfeasor shall not be reduced by any amount as set forth in this release.

4. Releasors further acknowledge and agree that they will not *collect or attempt to collect* any sums of money from others to the extent that those others would be able, under applicable law, to recover by way of indemnity, contribution, subrogation or apportionment of damages, from the releasees for damages to releasors. Upon payment of the consideration set forth in this Joint Tortfeasors's release, *any right to claim such sums of money from others shall be extinguished.*

5. It is expressly understood and agreed that the execution of this Joint Tortfeasor Release Agreement does not constitute any admission of liability by releasees or that Renee Greenwell was a joint tortfeasor, and that this settlement agreement is the compromise of a disputed claim entered into to avoid litigation.

6. This agreement is intended to conform to and be interpreted consistent with the provisions and requirements of the Pennsylvania "Uniform Contribution Among Joint Tortfeasors Act" of 1951, P.L. 1130, 42 Pa.C.S. § 7102 et. seq. and with the decision of the Supreme Court of Pennsylvania in *Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1 (1987) regarding pro rata Joint Tortfeasor Releases.

7. By executing this Joint Tortfeasor Release, releasors intend to enter into a final settlement with the releasees herein only and ensure that releasees have no further obligation beyond those obligations set forth in this Joint Tortfeasor Release. Releasors are executing this

Joint Tortfeasor Release in favor of releasees only. *Releasors reserve the right to pursue any claim that they have against non-settling parties. This Joint Tortfeasor Release is not a general release of all parties responsible for the alleged injuries of the releasors.*

8. Releasors expressly waive any legal right that they may have to compel the participation of the releasees in any civil action and agree to not oppose any lawful efforts by the releasees to not participate in the trial of any civil action.

9. Releasors further agree to hold harmless and indemnify releasees from any loss or liability claimed, demands, suits, damages or compensation arising out of any claims made against them by non-settling parties or any other alleged tortfeasor in any civil action, or in any subsequent action, for contribution, subrogation, indemnity or apportionment of damages arising out of the previously described incident, and agree to execute such documents, pleadings or agreements as may be necessary to protect the interests of the releasees.

10. In making this settlement, releasors intend that this Joint Tortfeasor Release be complete and *shall cover all damages and injuries attributable to the releasees*; that the Joint Tortfeasors Release shall not be subject to any claims of mistake of fact; and that it expresses a full and complete settlement of liabilities claimed against releasees and denied by releasees; and regardless of the adequacy or inadequacy of the amount paid, it is intended to avoid litigation between said parties and to be a full and complete release of the releasees.

\*\*\*

17. The parties intend that this document shall be

determined to be a Joint Tortfeasor Release and indemnification agreement in conformity with Pennsylvania law, and which, inter alia, protects releasees from liability for any and all past, present or future claims by releasors arising out of the afore-described accident.

18. If any portion of this release is deemed to be ambiguous or otherwise unenforceable, it shall be construed so that releasees have no direct or indirect liability in excess of the settlement amount.

19. This Joint Tortfeasor Release shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Joint Tortfeasor Release this 3 day of June 2013.

On August 30, 2013, after the Release was executed, Croce Maiorana filed a praecipe for a writ to join his mother, Maria Maiorana, as an additional defendant. On September 25, 2013, Croce Maiorana filed an answer and new matter and filed a complaint against his mother, Maria Maiorana, the additional defendant. The Croce Maiorana averred that — if there is liability — then his mother is solely responsible for all of the damages or in the alternative his mother is jointly and severally liable. Croce Maiorana asserted that, since his father died on April 23, 2013, his mother has been the sole owner of the property where Joe's Pizza is located. Croce Maiorana believes that his mother is solely or jointly and severally liable for any claims related to the storm drain in the parking lot. Croce Maiorana seeks full contribution and/or indemnification with costs and expenses from Maria Maiorana. As a result of his seeking full contribution or

indemnification from Maria Maiorana, Croce Maiorana seeks summary judgment on the grounds that ¶¶ 1 and 4 of the settlement and Joint Tortfeasor Release outlined above "extinguished" any right of plaintiff to recover against *him* and that ¶ 6 of the settlement and Joint Tortfeasor Release expressly released him from any liability because he is an *heir* to Salvatore Maiorana.

## Conclusions of Law

### Summary Judgment

1. Pursuant to Pa. R.C.P. 1035.2, the court may grant summary judgment at the close of the relevant proceedings if there is no genuine issue of material fact or if an adverse party has failed to produce evidence of facts essential to the cause of action or defense. *Keystone Freight Corp. v. Stricker*, 31 A.3d 967, 971 (Pa. Super. Ct. 2011).

2. A non-moving party to a summary judgment motion cannot rely on its pleadings and answers alone. Pa. R.C.P. 1035.2; 31 A.3d at 971.

3. When deciding a motion for summary judgment, the court must view the record in the light most favorable to the non-moving party, with all doubts as to whether a genuine issue of material fact exists being decided in favor of the non-moving party. 31 A.3d at 971.

4. If a non-moving party fails to produce sufficient evidence on an issue on which the party bears the burden of proof, the moving party is entitled to summary judgment as a matter of law. *Keystone*, 31 A.3d at 971 (citing *Young v. Pa. Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000)).

### Contract

5. "The task of interpreting a contract is generally performed by a court rather than by a jury. The goal of

that task is, of course, to ascertain the intent of the parties as manifested by the language of the written instrument." *Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 510 (Pa. Super. 2013), quoting, *Maguire v. Ohio Casualty Ins. Co.*, 602 A.2d 893, 894 (Pa. Super. 1992).

6. "When construing agreements involving clear and unambiguous terms, this court need only examine the writing itself to give effect to the parties' understanding. This court must construe the contract only as written and may not modify the plain meaning under the guise of interpretation. *Humberston v. Chevron U.S.A., Inc.*, 75 A.3d 504, 510 (Pa. Super. Ct. 2013), quoting *Szymanowski v. Brace*, 987 A.2d 717, 722 (Pa. Super. 2009) (quoting *Abbott v. Schnader, Harrison, Segal & Lewis, LLP*, 805 A.2d 547, 553 (Pa. Super. 2002) (internal citations omitted)).

7. It is well-settled that clauses in a contract should not be read as independent agreements thrown together without consideration of their combined effects. *Brown v. Cooke*, 707 A.2d 231, 233 (Pa. Super. 1998), quoting *In re Binenstock's Trust*, 190 A.2d 288 (1963). (Terms in one section of the contract, therefore, should never be interpreted in a manner which nullifies other terms in the same agreement. *Id.*)

8. "Under Pennsylvania law, this court is required to give words their ordinary and popular meaning. As the Supreme Court of Pennsylvania has noted, "[t]he standard for the interpretation of words is their natural meaning to the parties who have contracted at the time and place where the contract is made, considering all the circumstances surrounding it."" *G&T Conveyor Co. v. Allegheny County Airport Auth.*, 2011 U.S. Dist. LEXIS 123156 (W.D. Pa. Oct. 25, 2011), quoting, *Urian v. Scranton Life Ins. Co.*, 165 A. 21, 22 (1933)

9. "[A] long line of Pennsylvania cases has held that a release covers only those matters which may be fairly said to have been within the contemplation of the parties when the release was given." *Bowman v. Sunoco, Inc.*, 65 A.3d 901, 909 (Pa. 2013), quoting, *Restifo v. McDonald*, 426 Pa. 5, 230 A.2d 199, 201 (Pa. 1967). "The courts of Pennsylvania have traditionally determined the effect of a release using the ordinary meaning of its language and interpreted the release as covering 'only such matters as can fairly be said to have been within the contemplation of the parties when the release was given.'" *Vaughn v. Didizian*, 436 Pa. Super. 436, 439, 648 A.2d 38, 40 (Pa. Super. 1994), quoting, *Dublin by Dublin v. Shuster*, 410 Pa. Super. 1, 6-7, 598 A.2d 1296, 1298-99 (1991) (emphasis added), *appeal denied*, 533 Pa. 600, 617 A.2d 1274 (1992), quoting *Estate of Bodnar*, 472 Pa. 383, 386, 372 A.2d 746, 748 (1977). *See also*, 41 P.L.E. release § 32.

10. "[R]eleases are strictly construed so as not to bar the enforcement of a claim which had not accrued at the date of the execution of the release." *Vaughn v. Didizian*, 436 Pa. Super. 436, 439, 648 A.2d 38, 40 (Pa. Super. 1994) (citations omitted.) (Given the language of the release, a general release which discharged all known and unknown claims arising as a result of an automobile accident did not bar medical malpractice action for negligent treatment of injuries sustained in the accident which had not been contemplated at the time of the release.)

11. "[I]t is crucial that a court interpret a release so as to discharge only those rights intended to be relinquished. The intent of the parties must be sought from a reading of the entire instrument, as well as from the surrounding conditions and circumstances." *Vaughn v. Didizian*, 436 Pa. Super. 436, 439, 648 A.2d 38, 40 (Pa. Super. 1994) (citations omitted.)

## Discussion

At issue is whether the Release executed between the plaintiff and the additional defendant, Maria Maiorana, releases the original defendant from all liability. The court concludes that it does not. In construing the Release by the ordinary meaning of its language within the context as to what could have fairly been within the contemplation of the parties at the time the Release was given, as this court is required to do, it is clear that the Release applies only to liability for the negligence of Salvatore and Maria Maiorana. The Release does not extinguish Croce Maiorana's liability for his own negligence, either as an entity seeking indemnity or contribution or as an heir of Salvatore and Maria Maiorana.

The Release does not extinguish the right of plaintiff to recover against Croce Maiorana for his *own* negligence. ¶ 3 of the Release specified that plaintiff did not release "any claims that they [plaintiff] had against others." It is beyond question Maria Maiorana cannot incur further financial liability for the fall on August 23, 2013 for claims of contribution and indemnification. *See,* ¶¶ 1, 4 and 9 of the Release. ¶ 4 specifically precludes collection from Maria Maiorana to the extent Croce Maiorana would be able to recover by indemnity or contribution from Salvatore and Maria Maiorana for damages to plaintiff. However, it does not immunize Croce Maiorana for his own negligence. In the instant case plaintiff is not seeking to *collect* from Croce Maiorana any amount that could be recovered from Maria Maiorana. Instead, plaintiff is seeking to establish negligence and percentage of liability of Croce Maiorana for his own negligence. Any claim for contribution or indemnity by Croce Maiorana against Maria Maiorana for the negligence of Salvatore and Maria Maiorana would reduce the recovery to plaintiff by the

pro rata or percentage share of their liability pursuant to ¶ 3 of the release.[1] In ¶ 9, plaintiff specifically holds Maria Maiorana harmless for such claims, including indemnity, by the non-settling parties.

This interpretation is consistent with ¶ 6 which expresses the intention that the Release conform to the Pennsylvania "Uniform Contribution Among Joint Tortfeasors Act" of 1951, P.L. 1130, 42 Pa.C.S. § 7102 et. seq. and with the decision of the Supreme Court of Pennsylvania in *Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1 (1987) regarding pro rata Joint Tortfeasor Releases.

Similarly, the Release does not extinguish Croce Maiorana's liability for his own negligence because as an heir to Salvatore Maiorana. The court concludes that an heir would be released from liability for the negligence of the deceased, but that the language in the Release does not support releasing heirs for their own negligence as a non-settling tortfeasor.[2] Such is not a matter within the parties' contemplation, in light of the conditions and circumstances surrounding its execution.

## ORDER

And now, this 24th day of June, 2014, it is ordered and directed that summary judgment is denied.

---

1. "[T]the recovery shall be reduced to the extent of the judicially determined pro rata or percentage share of liability of the releasees." ¶ 3 of the Release.

2. Attorney for Croce Maiorani argued that plaintiff gave up her right to have anyone involve Maria Maiorana whatsoever in a lawsuit arising from the fall on August 23, 2013. Instead, this Court concludes that the Release releases Maria Maiorana from any further liability and contemplates that claims may be brought against others but that Maria Maiorana is not required to participate. ¶8 of the Release specifically provides that plaintiff cannot force Maria Maiorana to participate at trial and also limits the extent of her liability to the settlement. This is commonly known as the "empty chair" in litigation.