J-S83030-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: ELIZABETH J. RODGERS TRUST | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: MARK BRADLEY | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1077 WDA 2018 |

Appeal from the Order Entered June 20, 2018
In the Court of Common Pleas of Westmoreland County Orphans' Court
at No(s):  6511-1301

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                        FILED MAY 31, 2019

Appellant, Mark Bradley, appeals from the June 20, 2018 order overruling his objections to the second and final account of the Elizabeth J. Rodgers Trust filed by Gregory Rodgers.  After review, we affirm.

The orphans' court set forth the following factual and procedural history:

> This appeal arises from objections to a Second and Final Accounting for the Elizabeth J. Rodgers Revocable Trust [("the Revocable Trust")].  Greg Rodgers, [("Executor")] executor of the estate, filed the accounting on December 4, 2017.  On January 16, 2018, [Appellant] a former executor of the estate and a beneficiary of [the Revocable Trust], filed objections individually and as trustee for his minor nephews, Tyler and Kyle Bradley.  Through said objections, [Appellant] alleged that the distribution scheme in the accounting attempted to even out an alleged advance to the Bradley side of the family rather than distributing the trust in accordance with the percentages set forth by the decedent.  Further, [Appellant] claimed that he was wrongfully charged with a $10,000 advance.  He asked [the orphans' court] to exercise its equitable powers "to adjust the proposed distributions made from [the Revocable Trust] [...] to fix the impropriety both in the proposed distribution at issue [with the

Revocable Trust] and with regard to the irrevocable trust distributions."[1] Objections, 1/16/18.

On January 24, 2018, [Executor] filed an Answer to Objections denying that any adjustments were made to the Second and Final Accounting. According to said Answer, each beneficiary received the percentage share set forth in [the Revocable Trust] except for the one adjustment of $10,000 made to [Appellant's] distribution, which resulted from an advancement made while he was the executor.

In addition to the revocable trust at issue, the Estate of Elizabeth J. Rodgers also contained [the Irrevocable Trust]. [Executor] stated in his Answer that any adjustments made were made to the Second and Final Accounting for [the Irrevocable Trust]; however, that accounting was filed on June 2, 2017, notice was provided to all parties, a final audit occurred without objection on July 18, 2017, and the distribution was made. Since the distribution of the Irrevocable Trust was finalized, and no appeal was taken, [Executor] argued that [Appellant] was now foreclosed from arguing objections to the Irrevocable Trust through the Revocable Trust.

Also, [Executor] argued that the parties participated in mediation on July 13, 2017[,] and reached a settlement agreement that covered the matters complained of in [Appellant's] objections. [Executor] asked [the orphans' court] to recognize both the finality of the Irrevocable Trust distribution and the settlement agreement of the parties in overruling the objections.

An evidentiary hearing was held in the matter on April 3, 2018[,] and June 18, 2018. The [court] heard testimony and argument from counsel for the Estate and for [Appellant]. After a review of the evidence, an Order was entered on June 20, 2018[,] overruling [Appellant's] objections to the Second and Final Accounting of [the Revocable Trust].

---

[1] In addition to his status under the Revocable Trust, Appellant was also a beneficiary to the Elizabeth J. Rodgers Irrevocable Trust ("the Irrevocable Trust"). The Irrevocable Trust previously advanced through the audit process, and those assets have been distributed.

Orphans' Court Opinion, 9/17/18, at 1–2. Appellant filed a timely appeal.

Both Appellant and the orphans' court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

I.     Whether the trial court erred in denying [Appellant's] Objection to the distribution scheme of the Second and Final Accounting of [the Revocable Trust] where the denial led to an unjust result?

II.    Whether the trial court erred in denying [Appellant's] Objection to an alleged $10,000 advance to [Appellant]?

III.   Whether the trial court erred in holding that a settlement release estopped [Appellant] from asserting the objections at issue herein?

Appellant's Brief at 5.

Our standard of review is as follows:

When reviewing a decree entered by the Orphans' Court, this Court must determine whether the record is free from legal error and the court's factual findings are supported by the evidence. Because the Orphans' Court sits as the fact-finder, it determines the credibility of the witnesses and, on review, we will not reverse its credibility determinations absent an abuse of that discretion.

However, we are not constrained to give the same deference to any resulting legal conclusions.

> In re Estate of Harrison, 745 A.2d 676, 678–79 (Pa.Super.2000), appeal denied, 563 Pa. 646, 758 A.2d 1200 (2000) (internal citations and quotation marks omitted). "The Orphans' Court decision will not be reversed unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." In re Estate of Luongo, 823 A.2d 942, 951 (Pa. Super. 2003), appeal denied, 577 Pa. 722, 847 A.2d 1287 (2003).

> *In re Estate of Whitley*, 50 A.3d 203, 206–207 (Pa. Super. 2012).
>
> This Court's standard of review of questions of law is de novo, and the scope of review is plenary, as we may review the entire record in making our determination. *Kripp v. Kripp*, 578 Pa. 82, 849 A.2d 1159, 1164 n. 5 (2004). When we review questions of law, our standard of review is limited to determining whether the trial court committed an error of law. *Kmonk–Sullivan v. State Farm Mutual Automobile Ins. Co.*, 746 A.2d 1118, 1120 (Pa. Super. 1999) (en banc).

*In re Fiedler*, 132 A.3d 1010, 1018 (Pa. Super. 2016) (en banc).

In support of his first issue, Appellant argues that the orphans' court erred when it failed to sustain his objections to the distribution scheme set forth in the Second and Final Accounting of the Revocable Trust. Appellant's Brief at 16. Specifically, Appellant argues that the court erred when it denied his objections to the Revocable Trust that sought to remedy the disproportionate and unfair result of the Irrevocable Trust. Id. Appellant avers that an "adjudication can be set aside at any time by a showing of fraud." Id. (citing *Alpern v. Girard Trust Corn Exchange Bank*, 170 A.2d 87, 91 (Pa. 1961). Appellant further posits that because the Revocable Trust and the Irrevocable Trust were funded by the Elizabeth J. Rodgers Family Limited Partnership, the distribution of both trusts falls under "a single umbrella" and the alleged errors can be resolved. Appellant's Brief at 16. Finally, Appellant alleges that Executor was "acting in his own self-interest,

- 4 -

committing fraud, and ensuring that he and the Rodgers side of the family benefitted to the detriment of the Bradley family."[2]  Id. at 17.

Appellant is due no relief.  Appellant failed to object to the final audit of the Irrevocable Trust and he did not file an appeal therefrom.  As the orphans' court properly noted, 20 Pa.C.S. § 7798 (a) and (b) address the consequence of a failure to present a claim when an audit occurs.  Orphans' Court Opinion, 9/17/18, at 4.   Section 7798 states in relevant part:

> (a) Applicability.--This section applies to a person that, at the audit of a trustee's account, has a claim that:
>
>> (1) arose out of the administration of trust property or arises out of the distribution of trust property upon any interim or final accounting of the trust; and
>>
>> (2) is not reported to the court as an admitted claim.
>
> (b) Bar.--A person that fails, at the call for audit or confirmation, to present a claim under subsection (a) shall be forever barred from making a claim against:
>
>> (1) trust property distributed pursuant to the audit or confirmation;
>>
>> (2) a distributee of trust property distributed pursuant to the audit or confirmation...

20 Pa.C.S. § 7798 (a) and (b) (emphases added).  See also 11A Summary of Pa. Jur. 2d Probate, Estates, and Trusts, § 40:18 2d ed. (pursuant to 20

_____

[2] Although Appellant alleges that Executor committed fraud, he fails to specify how Executor did so.  Appellant makes bald allegations which are unsupported by citations to the record.

Pa.C.S. § 7798, a person who fails to present a claim at the call for audit or confirmation is forever barred from making a claim against a trust, subject to an exception related to rehearing set forth in 20 Pa.C.S. § 3521, which as discussed infra, is not relevant to the instant case); 35 Standard Pa. Practice 2d § 162:39 (same). It is also noteworthy that a court should look to what information the beneficiary had at the time of the audit as well as information that "they could have discovered by exercising reasonable diligence." 11A Summary of Pa. Jur. 2d Probate, Estates, and Trusts, § 40:18 2d ed. (citation omitted).

> As the orphans' court stated,
>
> [Appellant's] objections to the Revocable Trust actually bring a claim that originally arose out of the distribution of the Irrevocable Trust property upon a final accounting of that trust. He never reported that claim to the court, as no objections were filed and the audit went forward and resulted in a final distribution that was not appealed.

Orphans' Court Opinion, 9/17/18, at 5. Moreover, the orphans' court found that Appellant

> was fully capable of conducting a reasonable, diligent, and contemporaneous inquiry to determine whether the adjustments made to the distributions in the Irrevocable Trust were fair in accordance with his understanding of the funds growth in the market account compared to the lack of growth in the funds removed from the market. In fact, [Appellant] was the executor of the estate at the time [Executor] requested the transfer of the Rodgers family funds in a letter directed to [Appellant] on November 3, 2009. . . .

Orphans' Court Opinion, 9/17/18, at 7. Appellant failed to protect his interests as they related to the Irrevocable Trust; thus, the orphans' court did

not err when it found Appellant was barred from making a claim against the distribution of the Irrevocable Trust.

Appellant argues that pursuant to 20 Pa.C.S. § 3521, the orphans' court could have considered Appellant's objections as a petition to review the accounting of the Irrevocable Trust and held a rehearing on the Irrevocable Trust. Appellant's Brief at 18. Pursuant to Section 3521,

> If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: Provided, [t]hat no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition. The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made.

20 Pa.C.S. § 3521. Appellant's argument is not persuasive.

As the orphans' court properly held, Appellant's claim does not fall under the umbrella of Section 3521 for a myriad of reasons. First, Appellant did not file a petition to open the accounting of the Irrevocable Trust, as required by statute. Instead, Appellant filed an objection to the accounting of the Revocable Trust. Orphans' Court Opinion, 9/17/18, at 6. Moreover, in Estate of Thomas, 432 A.2d 968 (Pa. 1981), our Supreme Court held that "[i]n the interest of finality, section 3521 of the Probate, Estates, and Fiduciaries Code, 20 Pa.C.S. § 3521, permits a beneficiary to petition to reopen an account only if the petition is made within five years of the confirmation of the account and

before distribution." Estate of Thomas, 432 A.2d at 970 (emphasis added). In the instant case, the Irrevocable Trust has been distributed. Finally, the orphans' court found that equity and justice did not require it, as Appellant argued, to give Appellant the relief sought. The orphans' court noted, as discussed supra, Appellant was the executor of the estate when Executor asked Appellant to pull the Rodgers's family funds from the growth accounts. Appellant "failed to act in defense of his rights at the time of the audit, and he would now be barred from obtaining a belated review through the Revocable Trust." Orphans' Court Opinion, 9/17/18, at 7. See also Estate of Thomas, 432 A.2d at 970 (finding "if by diligence a fact can be ascertained, the want of knowledge so caused is not excuse for a stale claim"). The orphans' court did not abuse its discretion or commit an error of law when it found Section 3521 did not apply in this matter.

In his second issue, Appellant argues that the orphans' court erred when it denied his objection to the characterization of a payment as an alleged $10,000.00 advance to Appellant. Appellant's Brief at 18. Appellant avers that the advance of $10,000.00 was mischaracterized as an advance to him when it was actually paid into a funeral home account for business expenditures. Id. He further asserts that the orphans' court abused its discretion when it fashioned an equitable remedy, but fails to set forth what that improper remedy entailed. Id.

Appellant dedicates only four paragraphs to this issue, provides no citation to the record, and fails to cite any relevant case law.[3] Appellant's Brief at 18–19. Thus, we find Appellant has waived this issue. See Karn v. Quick & Reilly Inc., 912 A.2d 329, 336 (Pa. Super. 2006) (quotation omitted) ("[A]rguments which are not properly developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.").

Appellant would be due no relief even if we found he had not waived this claim. On July 13, 2017, Appellant, Executor, and their respective counsel attended a mediation in an attempt to resolve all the issues relating to the estate. The parties entered into an agreement ("Agreement") in which, inter alia, Appellant received approximately $15,000.00 and all parties, "agree to a general release of any and all claims, known or unknown, against [Executor], [Appellant], the Estates of Elizabeth and Vincent Rodgers, the Rodgers First Family LTD Partnership, and the Revocable and Irrevocable Trusts of Elizabeth J. Rodgers." Agreement, 7/13/17, at ¶ 4. The Agreement also states, "[Appellant is] to receive the balance of the funds in the Estate of Elizabeth Rodgers account upon filing and confirmation of the 2nd and Final Account,

_____

[3] In his brief, Appellant cites one case setting forth what constitutes an abuse of discretion and another case, In re Cave's Estate, 26 Pa. D. & C. 295 (Orphans' Court 1936) as standing for the proposition that "a court sitting in equity may fashion a result that ignores the facts and law if doing so avoids an inequitable result."

and make no objection to the 2nd and Final Acct of the [Irrevocable Trust]." Id. at ¶5. Pursuant to the terms of the Agreement signed following mediation, during which Appellant was represented by counsel, Appellant released his claims against the Irrevocable Trust and the Revocable Trust.

In his final issue on appeal, Appellant argues that the orphans' court erred when it found the Agreement estopped him from asserting the instant objections to the accounting of the Revocable Trust. Appellant's Brief at 19–20. Appellant avers that the Agreement is invalid because "[t]his Court has held that a release executed prior to the accrual of a cause of action cannot be barred, and this rule is strictly construed." Id. at 20 (citing Vaughn v. Didizian, 648 A.2d 38, 40 (Pa. Super. 1994)). Appellant then argues that he could not have "envisioned" that the advance he received would have been credited against him and that he could not have "envisioned" the self-dealing Executor failed to correct from the Irrevocable Trust account. Appellant's Brief at 20. Ultimately, Appellant alleges that because these causes of action had not accrued, the release should not bar the action.

Appellant's reliance on Vaughn is misplaced because it is factually dissimilar and does not provide support for his argument. In Vaughn, the appellant was injured in a car accident. Vaughn, 648 A.2d 38 (Pa. Super. 1994). Following the accident, the appellant entered into a release with the other driver relieving that individual and "all other persons, firms, and corporations" from all injuries resulting from the accident. Id. at 39.

Approximately seven months after signing the release, the appellant sought surgical treatment for her injuries; following the surgery, she brought a malpractice claim against the surgeon, alleging that he was negligent in performing the surgery. Id. The surgeon argued that the release at issue barred the appellant from bringing a claim against him. Id. at 39–40. The trial court agreed and granted the surgeon's motion for summary judgment. Id. at 40. This Court found that "nothing in the circumstances of this case suggests that the parties to the release were anticipating [the appellee's] negligent surgery." Id. at 40. In Vaughn, we noted that "it is crucial that a court interpret a release so as to discharge only those rights intended to be relinquished." Id. at 40. Ultimately, we found that "[b]ecause [the appellee's] future negligent treatment was not within the contemplation of the parties, and the malpractice date had not accrued at the date of the execution of the release," the release did not bar the appellant's claim against the surgeon. Id. at 41 (emphasis added).

In the Commonwealth, "[w]aivers which release liability for actions not accrued at the time of the release are generally invalid only if they involve future actions entirely different than ones contemplated by the parties at the time of the release." Bowman v. Sunoco, Inc., 65 A.3d 901, 909 (Pa. 2013) (finding no merit in the appellant's argument that a release was against contract law where it barred actions that could only occur in the future). See also Front Street Development Associates, L.P., v. Conestoga Bank,

161 A.3d 302, 312 (Pa. Super. 2017) (finding that release was enforceable where it barred future claims because it was the intent of the parties to do so).

Instantly, based upon the plain language in the Agreement, it is clear that Appellant agreed to release all claims arising from both the Revocable Trust and the Irrevocable Trust. Specifically, the Agreement addressed "any and all claims, known or unknown, against [Executor], [Appellant], the Estates of Elizabeth and Vincent Rodgers, the Rodgers First Family LTD Partnership, and the Revocable and Irrevocable Trusts of Elizabeth J. Rodgers." Agreement, 7/13/17, at ¶ 4 (emphasis added).

Appellant's averment that "he could not have envisioned" that Executor's alleged self-dealing would not be corrected or that the $10,000.00 advance that Appellant alleges he did not receive would be credited against Appellant is specious at best. Appellant's Brief at 20. Appellant had been the executor of Elizabeth Rodgers's estate until Executor replaced him in 2015. Appellant was the individual Executor directed to move the Rodgers's family portion of the funds out of the market and into cash accounts. Appellant filed a Revised First and Final Account of the Irrevocable Trust, which documented in Schedule D that a cash advance of $10,000.00 was made to Appellant on October 26, 2009. Petitioner's Exhibit G, Schedule D. Further, Appellant testified during the April 3, 2018 hearing that he signed the verification attached to the Revised First and Final Accounting, swearing that the

information contained therein was true. N.T., 4/3/18, at 66–67. Given the above, the orphans' court did not err when it found the Agreement applied to and barred Appellant's objections relating to the $10,000.00 advance or the distribution of the Irrevocable Trust.

For all the foregoing reasons, order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2019